IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Beckley Division

WAYNE COX and KATHY COX,
individually and on behalf
of a class of persons,

      Plaintiffs,

v.                                                        Case No. 5:17-cv-01982
                                                      Judge Berger

BRANCH BANKING AND TRUST
COMPANY,

      Defendant.

## ANSWER AND COUNTERCLAIM OF
## DEFENDANT BRANCH BANKING AND TRUST COMPANY

Comes now defendant Branch Banking and Trust Company ("BB&T"), by counsel, and hereby answers the Complaint as follows:

### PRELIMINARY STATEMENT

1.     BB&T denies the allegations contained in paragraph 1 of the Complaint.

### PARTIES

2.     BB&T is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.     The allegations contained in paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T states that the plaintiffs entered into an Installment Sale Contract and Security Agreement pertaining to the purchase of a motor vehicle and that when plaintiffs became in arrears on their indebtedness, BB&T communicated with the plaintiffs and/or their representative(s) in an attempt to collect the same.

**FACTS**

4. BB&T admits the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are denied as stated. By way of further answer, BB&T states that when the plaintiffs became in arrears on their indebtedness, BB&T communicated with the plaintiffs and/or their representative(s) in an attempt to collect the same.

6. BB&T admits that when the plaintiffs became in arrears on the indebtedness owed, it sent letters to the plaintiffs and/or their representative(s) in an attempt to collect the same, but BB&T denies the remaining allegations in this paragraph.

7. BB&T admits that on or about March 28, 2016, it sent a letter titled "Notice of Pending Legal Action," and that said letter speaks for itself. BB&T denies the remaining allegations in this paragraph.

8. The allegations contained in paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T states that the language of Section 46A-2-127(g) of the West Virginia Code speaks for itself and denies the remaining allegations in this paragraph.

9. The allegations contained in paragraph 9 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T states that the language of Section 46A-2-128(c) of the West Virginia Code speaks for itself.

10. The allegations contained in paragraph 10 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T states that the language of Section 46A-2-128(d) of the West Virginia Code speaks for itself.

11. BB&T denies the allegations contained in paragraph 11 of the Complaint.

## CLASS ACTION ALLEGATIONS

12. Paragraph 12 of the Complaint contains no allegations of fact to which a response is required, but is instead the plaintiffs' characterization of their class claims brought herein. To the extent a response is required, BB&T denies the allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint and each of its subparts are conclusions of law to which no response is required. To the extent a response is required, BB&T denies the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T denies the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T denies the allegations contained in paragraph 15 of the Complaint.

## LEGAL CLAIMS

### Count I – Illegal Debt Collection – Illegal Demand for Attorneys' Fees

16. In response to paragraph 16, BB&T repeats and realleges its responses to paragraphs 1 through 15 of the Complaint as if set forth verbatim herein.

17. BB&T denies the allegations contained in paragraph 17 of the Complaint.

### Count II – Illegal Debt Collection – False Representation of Amount of Claim

18. In response to paragraph 18, BB&T repeats and realleges its responses to paragraphs 1 through 17 of the Complaint as if set forth verbatim herein.

19. BB&T denies the allegations contained in paragraph 19 of the Complaint.

### Count III – Illegal Debt Collection – False Representation of Amount of Claim

20. In response to paragraph 20, BB&T repeats and realleges its responses to paragraphs 1 through 19 of the Complaint as if set forth verbatim herein.

21. BB&T denies the allegations contained in paragraph 21 of the Complaint.

### Count IV – Violations of the West Virginia Consumer Credit and Protection Act

22. In response to paragraph 22, BB&T repeats and realleges its responses to paragraphs 1 through 21 of the Complaint as if set forth verbatim herein.

23. The allegations contained in paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

24. The allegations contained in paragraph 24 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BB&T denies the allegations contained in paragraph 24 of the Complaint.

25. BB&T denies the allegations contained in paragraph 25 (including subparagraphs a. through e.) of the Complaint.

26. BB&T denies the allegations contained in paragraph 26 of the Complaint.

### STIPULATION

27. Paragraph 27 of the Complaint contains no allegations of fact to which a response is required. To the extent a response is required, BB&T states that the plaintiffs' stipulation speaks for itself.

28. Paragraph 28 of the Complaint contains no allegations of fact to which a response is required. To the extent a response is required, BB&T states that the plaintiffs' stipulation speaks for itself.

## RELIEF SOUGHT

29. In response to paragraph 29 of the Complaint, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

30. In response to paragraph 30 of the Complaint, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

31. In response to paragraph 31 of the Complaint, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

32. In response to paragraph 32 of the Complaint, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

33. In response to paragraph 33 of the Complaint, BB&T denies that the plaintiffs are entitled to any of the relief sought therein and further denies that the plaintiffs are entitled to any type of relief or recovery against it.

34. BB&T denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. BB&T denies that it is liable for the demand for judgment or for any sum or other relief requested.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The rights, obligations, and duties of the parties are governed by the terms of the account agreement(s) created and entered into in relation to the account(s) at issue in this civil action, which is/are referred to herein as the "Agreement."

4. BB&T acted in accordance with its rights, obligations, and duties provided in the Agreement and all of the terms associated therewith.

5. BB&T raises all applicable contractual defenses provided in the Agreement and all of the terms associated therewith and hereby adopts and incorporates herein by reference all such defenses.

6. The plaintiffs may not have standing to bring some or all of their claims.

7. BB&T reserves the defenses of lack of or no notice.

8. The damages recoverable by the plaintiffs, if any, are limited to those damages that are properly recoverable under the Agreement and/or the West Virginia Consumer Credit and Protection Act.

9. Pursuant to W. Va. Code § 46A-5-101(8), if any alleged activity of BB&T is deemed to be a violation of the West Virginia Consumer Credit and Protection Act, such activity was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error.

10. BB&T reserves all rights to claim attorneys' fees incurred in the defense of this matter pursuant to the provisions of West Virginia Code § 46A-5-104 in the event that it is established that any or all of the claims set forth in the Complaint were brought by the plaintiffs in bad faith or for the purpose of harassment.

11. BB&T asserts the defenses of setoff and recoupment.

12. BB&T reserves the defenses that the plaintiffs have no compensable or actual damages and that no action or inaction of BB&T proximately caused harm to the plaintiffs.

13. Some or all of the plaintiffs' claims and causes of action asserted against BB&T may be barred, in whole or in part, by the statute of frauds.

14. Some or all of the plaintiffs' claims and causes of action asserted against BB&T are barred by the applicable statute of limitations.

15. The plaintiffs' claims may be preempted by federal law.

16. The plaintiffs may have failed to mitigate their damages.

17. BB&T reserves the defense of improper venue.

18. The claims in the Complaint and the representative plaintiffs named therein cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

19. BB&T incorporates by reference each and every affirmative defense available to it under Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure which discovery might reveal appropriate and reserves the right to assert affirmative defenses as plaintiffs' claims are clarified during the course of this litigation.

WHEREFORE, BB&T respectfully requests that the Complaint against it be dismissed, or in the alternative, that judgment, with prejudice be entered in favor of BB&T and against the plaintiffs and that BB&T be awarded its costs and attorneys' fees on its behalf extended, as well as any other relief the Court may deem appropriate.

## **COUNTERCLAIM OF BB&T**

Defendant Branch Banking and Trust Company ("BB&T"), for its Counterclaim against the plaintiffs, alleges as follows:

1. On or around December 18, 2012, the plaintiffs entered into an Installment Sale Contract and Security Agreement (the "Agreement") with the Seller, Cole Automotive Group.

2. The Agreement granted a security interest in the 2011 Toyota RAV4 being purchased.

3. The Agreement was assigned to BB&T.

4. The plaintiffs defaulted on the terms of the Agreement and, as a result, the security was subsequently repossessed.

5. On or around February 12, 2016, the security was sold at a commercially reasonable sale. After the addition of expenses incident thereto, less any and all rebates to which the plaintiffs are entitled, a deficiency balance remains in the amount of $3,961.72.

6. The plaintiffs are contractually indebted to BB&T in the sum of $3,961.72, plus any applicable interest.

7. The plaintiffs have failed to pay said sum upon demand.

8. BB&T's counterclaim is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure in that it arises out of the transaction or occurrence that is the subject matter of the plaintiffs' claims. As a result, the Court has supplemental jurisdiction over BB&T's counterclaim.

WHEREFORE, BB&T respectfully requests that judgment be entered in its favor and against the plaintiffs in the amount of $3,961.72, plus any applicable interest, and that BB&T further be granted any other relief this Court deems appropriate.

**BRANCH BANKING AND TRUST COMPANY**

**By Counsel**

/s/ Jonathan L. Anderson_____
Jonathan L. Anderson (WVSB #9628)
jlanderson@jacksonkelly.com
JACKSON KELLY PLLC
1600 Laidley Tower
Charleston, WV  25322
Tel:  (304) 340-1000
Fax:  (304) 340-1050

Christopher K. Robertson (WVSB #5993)
crobertson@jacksonkelly.com
JACKSON KELLY PLLC
310 West Burke Street
Martinsburg, West Virginia 25402
(304) 260-4959

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Beckley Division

**WAYNE COX and KATHY COX,**
individually and on behalf
of a class of persons,

      Plaintiffs,

v.                                            Case No. 5:17-cv-01982
                                                         Judge Berger

**BRANCH BANKING AND TRUST**
**COMPANY,**

      Defendant.

## CERTIFICATE OF SERVICE

      I, Jonathan L. Anderson, hereby certify that I electronically filed the foregoing *Answer and Counterclaim of Defendant Branch Banking and Trust Company* with the Clerk of the Court using the CM/ECF system this 30th day of March, 2017, which will send notification of such filing to the following CM/ECF participants:

      Ralph C. Young, Esq.
      ryoung@hamiltonburgess.com
      Christopher B. Frost, Esq.
      cfrost@hamiltonburgess.com
      Jed Robert Nolan, Esq.
      jnolan@hamiltonburgess.com
      Steven R. Broadwater, Jr., Esq.
      sbroadwater@hamiltonburgess.com
      HAMILTON, BURGESS, YOUNG & POLLARD PLLC
      P.O. Box 959
      Fayetteville, WV 25840
      *Counsel for Plaintiff*

                                      /s/ Jonathan L. Anderson
                                      Jonathan L. Anderson (WVSB #9268)