# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

WAYNE COX and KATHY COX,
Individually and on behalf of a class
of persons,

    Plaintiffs,

v.                                       **CIVIL ACTION NO. 5:17-cv-01982**
                                          **HON. IRENE C. BERGER, JUDGE**

BRANCH BANKING AND
TRUST COMPANY,

    Defendant.

**AND**

LATRICIA E. GOODWIN, individually
and on behalf of a class of persons

    Plaintiff,                            **CIVIL ACTION NO.: 5:16-cv-10501**
                                          **HON. IRENE C. BERGER, JUDGE**

v.

BRANCH BANKING AND TRUST
COMPANY,

    Defendant.

### ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS, AND ENTERING SCHEDULE

NOW COMES before the Court the Motion for Preliminary Approval of Settlement, Conditional Class Certification and Entry of Scheduling Order filed by Plaintiffs Wayne and Kathy Cox, and Latricia Goodwin, individually and on behalf of a class of similarly situated persons. For the reasons stated in the Plaintiffs' memorandum and for good cause shown, the Motion is

**GRANTED**.  Accordingly, the Court hereby **FINDS, ORDERS, ADJUDGES, AND DECREES** as follows:

1. <u>Jurisdiction</u>.  This Court has jurisdiction over the subject matter of the lawsuit and over all parties to the lawsuit, including all members of the Class.

2. <u>Settlement Class</u>.  The Court has considered the submissions of the parties with respect to the temporary and conditional certification of the Class for settlement purposes only and has analyzed the proposed settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The Court **PRELIMINARILY FINDS**, for settlement purposes only and conditioned upon the entry of this Order that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied in that: (a) the Class certified herein numbers approximately 1,354 persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual class member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class.  Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes.  This action is hereby conditionally and temporarily certified as a class action for settlement purposes only on behalf of the following class:

> All West Virginia consumer automobile and/or home loan debtors to whom Defendant, its agents, employees, or independent contractors, sent (i) REC47 letters since January 17, 2013; (ii) Notice of Sale letters since December 16, 2013; or (iii) FC001 letters since September 17, 2012.  Excluded from the class are: (i) any entity that is not a "natural person" including, but not limited to, corporate entities, trusts and estates; (ii) any person who received a letter in connection with a bankcard debt, direct retail loan debt, or deposit account related debt, as he or she is required

to arbitrate his or her dispute with BB&T pursuant to the terms of the governing agreements for such products; and (iii) counsel and Court personnel.

Any person who excludes himself or herself from the class shall not be a member of the Settlement Class.

This certification is temporary and conditioned upon the terms of the proposed Settlement reached by the Parties. In the event the Settlement does not become final, or is terminated pursuant to the terms of the Settlement Agreement, the Settlement Class will be deemed not to have been certified, the action will proceed as though the preliminary findings herein had never been made, and the class allegation portions of the lawsuit will, for all purposes with respect to the Parties, revert to its pre-settlement status. In such event, the Parties will not be deemed to have consented to the certification of the Class, the agreements and stipulations in this Settlement concerning class definition or class certification shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, and the Parties will retain all rights with respect to class certification.

3. <u>Class Representatives</u>. The Court hereby designates Plaintiffs Wayne Cox, Kathy Cox and Latricia Goodwin as Settlement Class Representatives.

4. <u>Class Counsel</u>. Upon consideration of the factors set forth in Fed. R. Civ. P. 23(g), the Court hereby appoints Jonathan R. Marshall and the law firm of Bailey & Glasser, LLP, and Ralph Young of the law firm of Hamilton, Burgess, Young and Pollard, PLLC as Settlement Class Counsel.

5. <u>Preliminary Approval of Settlement</u>. The proposed Settlement Agreement entered into by the Parties establishes the method of calculation of settlement payments to be made to class

members, allows members to opt out, and is subject to the Parties' right to withdraw from the Settlement unless certain agreed conditions are met.

In accordance with the terms of the Settlement Agreement, Defendant will contribute to the Settlement Fund a sum equal to $861,355.00, which shall be used to pay (1) all Settlement Payments; (2) any Court-approved Class Counsel Fees and Expenses; (4) Class Administration and Notice Costs; and (4) any Court-approved Class Representative service award payments. Defendant will also provide debt relief to class members by reducing to $0 account balances that, as of the date of the motion seeking preliminary approval, exceeded $2.5 million. In the event class members cannot be located or found, any unpaid cash payments attributable to their interests shall be donated to a cy pres organization.

Class Counsel and counsel for Defendant are experienced in complex litigation, including class action litigation. The Settlement Agreement was reached after vigorous arm's length negotiations between counsel, including three formal mediation sessions before a mediator experienced in the matters at issue in these actions.

The Court preliminarily finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate resolution of the issues. The Court preliminarily finds that the amount of the Settlement is within the range of settlement values appropriate in this case. If the Settlement had not been reached, both Parties faced the expense, risk, and uncertainty of extended litigation.

Therefore, upon consideration of the terms of the proposed Settlement Agreement, the Court **PRELIMINARILY FINDS** the Settlement Agreement to be sufficiently fair, reasonable, and adequate to warrant providing Notice to the class members and proceeding with a Final Approval Hearing. In making this determination, the Court has considered the current posture of

this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

Accordingly, the Court **GRANTS PRELIMINARY APPROVAL** of the Settlement Agreement. The Settlement will be submitted to Class Members for their consideration and for a hearing pursuant to Fed. R. Civ. P. 23(e).

6. <u>Notice to Settlement Class Members</u>. The Court has reviewed the proposed Notice of Class Settlement and Claim Form. The Notice, among other things, describes in plain English the terms and operation of the Settlement, the considerations that caused Class Counsel to conclude that the Settlement is fair and adequate, the procedure for objecting to or opting out of the Settlement, and the date of the Final Approval Hearing.

Accordingly, upon review of the Notice and Claim Form, and in consideration of the factors set forth in Fed. R. Civ. P. 23(c)(2)(B), the Court hereby **FINDS** that the Notice fully complies with the requirements of Fed. R. Civ. P. 23(c)(2)(B), and the Notice is thus **APPROVED.**

7. <u>Exclusion Requests, Exercise of Option Not to Proceed, Objections and Claims</u>.

   a. <u>Exclusion Requests</u>. Any class member who desires to be excluded from the Class Settlement must sign a written request to be excluded containing the information required by the Notice of Class Settlement. The form of this exclusion ("opt out") must comply with the terms of the Settlement and be mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than thirty (30) days after the initial date of mailing of the Notice.

   b. <u>Objections</u>. Any class member who desires to object to any aspect of the Settlement Agreement may do so in writing, without the necessity of obtaining counsel or making any formal appearance. All objections to any aspect of the Settlement must be

mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than thirty (30) days after the initial date of mailing of the Notice. Any class member who objects to the settlement and intends to appear at the fairness hearing, either with or without counsel, must include in his or her objection a statement that he or she intends to appear and, if he or she intends to appear with counsel, the name of his or her counsel who will attend. Any class member who fails to file and serve timely a written objection and notice of his or her intent to appear at the fairness hearing shall not be permitted to object to the approval of the Settlement at the fairness hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

    c.    <u>Responses to Objections</u>.  Responses to any objections must be filed no later than five (5) days prior to the Final Approval Hearing.

    d.    <u>Exercise of Option Not to Proceed</u>.  In the event that either Party exercises its option to withdraw from the Settlement as provided for in the Settlement Agreement, that Party must file a notice of withdrawal of settlement no later than three (3) days prior to the Final Approval Hearing.

    e.    <u>Release</u>.  Class members who do not request to be excluded from the Class Settlement prior to the date set forth above will release the Released Entities as provided in the parties' Settlement Agreement.

    f.    <u>Disbursements</u>.  Settlement disbursements shall be mailed to class members within the time period provided for in the Settlement Agreement.

The Court **FINDS** that the claims process outlined in the Settlement Agreement is appropriate under the circumstances.

8.      <u>Final Approval Hearing</u>.  A Final Approval Hearing shall be held on **January 9, 2019, at 1:30 p.m.**, before the Court in Beckley, West Virginia to consider whether the Settlement should be given final approval.  The date or time of this hearing may be changed without further notice to the Settlement Class.

9.      <u>Class Counsel Fees and Expenses and Service Award</u>.  The Court will separately consider a request for a reasonable fee award for Class Counsel and a service award to the Class Representatives.  Class counsel will file a motion requesting the Court to award reasonable attorneys' fees and costs and a payment of a service award to Plaintiffs. Any fee award and service award approved by the Court shall be paid by the Settlement Administrator from the Settlement Fund.

10.     <u>Relevant Dates</u>.  In addition to the dates set forth above, the Parties shall adhere to the following schedule to complete the tasks necessary to effectuate the proposed settlement:

- Class Notice Mailed by:  Thirty (30) days after entry of this Order;
- Objection/Exclusion/Claim Form Deadline: Thirty (30) days after initial mailing of Class Notice;
- Final Approval Submissions:  Fourteen (14) days after Objection/Exclusion/Claim Form Due Date;
- Final Approval Hearing:  Forty-five (45) days after Final Approval Submissions.

These dates may be amended upon written motion by either Party and for good cause shown.

11.     <u>Stay of Further Proceedings</u>.  All proceedings in these matters, except those related to approval of the Settlement, are temporarily stayed.  Pending the outcome of a final fairness hearing, all members of the Settlement Class, and all persons acting or purporting to act directly or derivatively on behalf of a Class Member, or acting on a representative basis or in any other capacity, are temporarily enjoined from commencing, prosecuting, or maintaining any claim

already asserted in, or encompassed by, the Cox Action or Goodwin Action and/or based on Released Claims, as defined in the parties' Settlement Agreement, against the Released Entities.

12. <u>Effect of Termination of Settlement</u>.  In the event that the Class Settlement is not finalized or is terminated pursuant to the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the parties will be restored to their respective positions existing as of the date of execution of the Settlement Agreement, and the Lawsuits shall proceed as provided in the Settlement Agreement.

13. <u>No Party Admission of Liability</u>.  This Order and all rulings and findings herein shall not be construed or used as an admission, concession, or declaration against the named Plaintiffs, any class member, or Defendant of any fault, wrongdoing, breach, liability, lack of merit of the settled claims, or certification of any class.  Defendant denies that the facts of this case meet the requirements of class certification for any purpose other than settlement.  Nothing contained in this Order or the Parties' Settlement shall be construed in any manner as precedent, persuasive authority, or an admission by Defendant of the propriety of certification of any class on the merits.

The Clerk is directed to provide certified copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

Entered: August 20, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA